FILED
AUG 15 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:07-CR-183-WKW |
| ) | [18 USC § 2251(a); |
| RICKEY RANDELL WREX SMITH ) | 18 USC § 2252A(a)(1); |
| a/k/a Jay Smith, Jolly Smith, Ray Ward ) | 18 USC § 2252A(a)(5)] |
| James Tod, Bryan Edgar White, "Montana" ) | |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1 – Production of Child Pornography

Beginning on or about May 2000 and continuing to a time unknown to the grand jury,

RICKEY RANDELL WREX SMITH
a/k/a Jay Smith, Jolly Smith, Ray Ward
James Tod, Bryan Edgar White, "Montana,"

defendant herein, did employ, use, persuade, induce, entice and coerce minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, defendant videotaped himself sexually assaulting minor children. At the times he produced the visual depictions, defendant knew and had reason to know that they would be transported in interstate commerce. The visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. The defendant actually transported the visual depictions in interstate commerce and brought them into Dale County, Alabama, within the Middle District of Alabama, where they were found. All in violation of Title 18, United States Code, Section 2251(a).

1

## COUNT 2 – Transportation of Child Pornography

On or before December 26, 2005, a better time being unknown to the grand jury, in Dale County, within the Middle District of Alabama,

> RICKEY RANDELL WREX SMITH
> *a/k/a* Jay Smith, Jolly Smith, Ray Ward
> James Tod, Bryan Edgar White, "Montana,"

defendant herein, did knowingly transport in interstate commerce child pornography, that is, visual depictions of minors engaging in sexually explicit conduct. The visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. The defendant actually transported the visual depictions in interstate commerce and brought them into Dale County, Alabama, within the Middle District of Alabama, where they were found. All in violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT 3 – Possession of Child Pornography

On or about December 30, 2005, in Dale County, within the Middle District of Alabama,

> RICKEY RANDELL WREX SMITH
> *a/k/a* Jay Smith, Jolly Smith, Ray Ward
> James Tod, Bryan Edgar White, "Montana,"

defendant herein, did knowingly possess a videotape containing images of child pornography, that is, visual depictions of minors engaging in sexually explicit conduct. The visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. The defendant actually transported the visual depictions in interstate commerce and brought them into Dale County, Alabama, within the Middle District of Alabama, where they were found. All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

A.  Counts 1, 2 and 3 of this indictment are incorporated herein by reference.

B.  Upon conviction for any of the offenses alleged in Counts 1, 2, and 3 of this indictment, the defendant,

RICKEY RANDELL WREX SMITH
*a/k/a* Jay Smith, Jolly Smith, Ray Ward
James Tod, Bryan Edgar White, "Montana,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1) any visual depiction described in Title 18, United States Code, Section 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of that Section;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and,

(3) any property, real or personal, used and intended to be used to commit and to promote the commission of such offense.

C.  If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred and sold to, and deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty, the United States intends to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All in violation of Title 18, United States Code, Section 2252.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
JOHN T. HARMON
Assistant United States Attorney

_____
NATHAN D. STUMP
Assistant United States Attorney