# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                     ) | CR. NO. 1:07-CR-183-WKW |
| ) | |
| RICKEY RANDELL WREX SMITH  ) | |
| a/k/a Jay Smith, Jolly Smith, Ray Ward  ) | |
| James Tod, Bryan Edgar White, "Montana" ) | |

## MOTION TO DISMISS

COMES NOW Defendant, Rickey Randell Wrex Smith, by undersigned counsel, and moves this Court pursuant to Fed. R. Crim. P. 12(b) to dismiss the indictment on the ground that the charges are barred by the applicable statute of limitations, 18 U.S.C. § 3282, and that the application of the recently enacted statute of limitations set forth in 18 U.S.C. § 3299 would violate the ex post facto clause. Accordingly, the indictment should be dismissed.

                                                                Respectfully submitted,

                                                                 _Alex R. Tandy_____
                                                                 Alex B. Tandy
                                                                 State Bar No. 19635000
                                                                 Law Office of Alex B. Tandy, P.C.
                                                                 777 Lonesome Trail, Suite A
                                                                 Hurst, TX  76054
                                                                 Telephone:  (817) 281-1600
                                                                 Facsimile:  (817) 485-7588
                                                                 Attorney for Defendant

Dated this ___ day of _____ 2008.

## CERTIFICATE OF CONFERENCE

    I hereby certify that I called Nathan Stump on August 21, 2008, to discuss the merits of the motion to dismiss, and he was opposed to the motion.

                                                    _Alex R. Tandy_____
                                                    Alex R. Tandy

## CERTIFICATE OF SERVICE

    I hereby certify that on August 21, 2008 the above was served on all parties, as reflected below:

Nathan D. Stump                                         *Via Facsimile No. 1-334-223-7280*
U. S. Attorney's Office
P. O. Box 197
Montgomery, AL 36101-0197

                                                    _Alex R. Tandy_____
                                                    Alex R. Tandy

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.    ) | CR. NO. 1:07-CR-183-WKW |
| ) | |
| RICKEY RANDELL WREX SMITH    ) | |
| a/k/a Jay Smith, Jolly Smith, Ray Ward    ) | |
| James Tod, Bryan Edgar White, "Montana"  ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendant, Rickey Randall Wrex Smith, is charged in a three-count federal indictment with offenses related to child pornography. Count 1 charges production of child pornography, in violation of 18 U.S.C. § 2251(a). Count 2 charges transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). Count 3 charges possession of child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B). Defendant has moved to dismiss the indictment on the ground that the charges are barred by the applicable statute of limitations, 18 U.S.C. § 3282, and that application of the recently enacted statute of limitations would violate the ex post facto clause.

## ARGUMENT

**THE CHARGES SET FORTH IN THE INDICTMENT ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

A statute of limitations bar may properly be raised before trial by means of a motion to dismiss pursuant to Fed. R. Crim. P. 12(b). *See United States v. Grimmett*, 150 F.3d 958 (8th Cir. 1998); *United States v. Elmardoudi*, 2007 WL 186526 (N.D. Iowa 2007); *United States v. Blackwell*, 954 F. Supp. 944 (D.N.J. 1997).

Defendant is charged with violations of 18 U.S.C. §§ 2251 and 2252A, which are part of Chapter 110 of Title 18. Prior to July 27, 2006, offenses under 18 U.S.C. §§ 2251 and 2252A were governed by the general five-year limitations period set forth in 18 U.S.C. § 3382 for noncapital felonies. *See United States v. Thomas*, 893 F.2d 1066 (9th Cir.), *cert. denied*, 498 U.S. 826 (1990) (five-year limitation period set forth in § 3282 applied to offense under § 2251(a)); *United States v. Riccardi*, 258 F. Supp. 2d 1212 (D. Kan. 2003), *aff'd*, 405 F.3d 852 (10th Cir. 2005), *cert. denied*, 546 U.S. 919 (2005) (applying five-year limitations period set forth in § 3282 to offenses under § 2252).

In 2006, Congress enacted 19 U.S.C. § 3299 (effective July 27, 2006), which provides that an indictment may be found "at any time without limitation . . . for any felony under chapter . . . 110 [18 U.S.C. §§ 2251 et seq.] (except for section 2257 and 2257A)." Thus, as of July 27, 2006. There is no limitation period for offenses under 18 U.S.C. § 2251 or § 2252A, which are the subject of the indictment against Defendant.

It is recognized that extending a limitations period before prosecution is barred does

not violate the ex post facto clause. *See United States v. Jeffries*, 405 F.3d 682 (8th Cir.), *cert. denied*, 546 U.S. 1007 (2005). Such an extension, however, is different from application of a law to extend a limitations period after it has run. *Stogner v. California*, 539 U.S. 607 (2003). A law enacted after the expiration of a previously applicable limitations period violates the ex post facto clause when it is applied to revive a previously time-barred prosecution. *Id.* at 632-33; *Jeffries*; *Privett v. Alabama*, 2006 WL 383305 (M.D. Ala. 2006).

In this case, Count 1 of the indictment against Defendant alleging production of child pornography states that the offense was committed "[b]eginning on or about May 2000 and continuing to a time unknown to the grand jury." Thus, the only date alleged for the offense in Count 1 is May 2000. Thus, the five-year limitations period previously applicable to the offense charged expired in May of 2005, long before § 3299 was enacted effective July 27, 2006. Thus, under the holding in *Stogner*, application of § 3299 to revive the expired five-year limitations period would violate the ex post facto clause. Therefore, Count 1 of the indictment should be dismissed as being barred by the applicable five-year statute of limitations set forth in § 3282.

Count 2 of the indictment alleges that the offense of transportation of child pornography occurred "on or before December 26, 2005, a better time being unknown to the grand jury." Thus, according to the indictment, the alleged offense could have occurred any time before December 26, 2005. The indictment apparently alleges the foregoing date of the alleged offense because the alleged child pornography was found on December 26, 2005, in

a truck Defendant allegedly previously owned. Defendant, however, had not been in possession of the truck for several months. The truck had been seized by the authorities sometime before and purchased by a private individual who then allegedly found the pornography hidden in the truck. Thus, the government cannot establish when (or even if) the videotapes were "transported" by Defendant. If the videotapes were made in May 2000, then they could have been transported at that time. There are no allegations set forth in the indictment to indicate otherwise. An indictment lacking any allegation that an offense was committed within the relevant limitations period infringes a defendant's right to be clearly informed of the nature and the cause of the accusation against him. *United States v. Toliver*, 972 F. Supp. 1030 (W.D. Va. 1997). Thus, without a more specific allegation of when the offense occurred so as to bring the offense within the limitations period and not violate the ex post facto clause as discussed above, Count 2 of the indictment should be dismissed as being barred by the applicable five-year statute of limitations. *See United States v. Smith*, 441 F.3d 254 (4th Cir.) *cert. denied*, 127 S. Ct. 226 (2006); *United States v. Brewer*, 1 F.3d 1430 (4th Cir. 1993).

Count 3 of the indictment charges that "[o]n or about December 30, 2005," Defendant possessed child pornography. Apparently, the foregoing date was alleged because that was the last date that Defendant was allegedly in possession of the truck in which the videotape were later allegedly found by the individual who had bought the truck. The indictment, however, alleges nothing to suggest that Defendant actually or constructively possessed the

videotape on that date as opposed, to say May 2000, after the videotapes were allegedly produced. Thus, again, the indictment fails to sufficiently allege that the offense occurred within the limitation period without violating the ex post facto clause as discussed above. Therefore, Count 3 of the indictment should be dismissed as being barred by the applicable five-year statute of limitations.

## CONCLUSION

For all the forgoing reasons, Defendant's motion to dismiss should be granted.

Respectfully submitted,

 Alex R. Tandy_____
Alex B. Tandy, Esquire
State Bar No. 19635000
Law Office of Alex B. Tandy, P.C.
777 Lonesome Trail, Suite A
Hurst, TX  76054
Telephone:  (817) 281-1600
Facsimile:  (817) 485-7588
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2008 the above was served on all parties, as reflected below:

Nathan D. Stump                                               *Via Facsimile No. 1-334-223-7280*
U. S. Attorney's Office
P. O. Box 197
Montgomery, AL 36101-0197

 Alex R. Tandy_____
Alex R. Tandy

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CR. NO. 1:07-CR-183-WKW** |
| ) | |
| **RICKEY RANDELL WREX SMITH** ) | |
| **a/k/a Jay Smith, Jolly Smith, Ray Ward** ) | |
| **James Tod, Bryan Edgar White, "Montana"** ) | |

**ORDER ON MOTION TO WITHDRAW AS COUNSEL**

On _____, 2008, came on to be considered the Motion to Dismiss the Indictment, and said motion is hereby

                                    (Granted)    (Denied)

_____
JUDGE PRESIDING