IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:07cr183-WKW |
| ) | |
| RICKEY RANDELL WREX SMITH ) | |
| a/k/a Jay Smith, Jolly Smith, Ray Ward, ) | |
| James Tod, Bryan Edgar White, "Montana" ) | |

**RESPONSE TO COURT'S ORDER TO SHOW
CAUSE WHY MOTION TO DISMISS SHOULD
NOT BE DENIED AS UNTIMELY**

COMES NOW Defendant Rickey Randell Wrex Smith, by undersigned counsel, and files this response to the Court's Show Cause Order dated August 27, 2008, and submits the following to show good cause:

**ARGUMENT**

It is recognized that the district court has the authority to establish a schedule of deadlines for defendants to file motions and requests prior to trial under Fed. R. Crim. P. 12©, and that failure to file certain motions within the deadlines set by the court may constitute a waiver of the defendant's right to assert the motion. *See United States v. Smith*, 918 F.2d 1501 (11th Cir. 1990), *cert. denied*, 502 U.S. 849 (1991).  Nevertheless, the court may grant relief from such a waiver upon a showing of cause. *Id.*; *see* Fed. R. Crim. P. 12(e). In this case, Defendant has good cause for filing his motion to dismiss based on the running

of the statute of limitations after the deadline set by the Court.

The Court entered its Order setting the deadline for filing of pretrial motions on October 15, 2007. This was well before Attorney Alex Tandy became Defendant's counsel on February 27, 2008 and replaced Defendant's prior counsel. Since that time, counsel has been working diligently on this matter. On several occasions since entering his appearance, counsel attempted to schedule a time with the Government to view the tapes that are the subject of the indictment, but various scheduling conflicts arose that delayed the viewing until just two weeks ago. It was only after viewing the tapes that counsel learned that they were produced in May of 2000, and not any time later, contrary to the allegation in Count 1 stating that the offense of production of child pornography was committed "[b]eginning on or about May 2000 *and continuing to a time unknown to the grand jury*" (emphasis added). Thus, it was only after viewing the tapes and thereby discovering when the tapes were actually produced that counsel became aware that there was a statute of limitations defense. The defense was not clear from the fact of the indictment, due to the manner in which the date of the offenses were alleged. Counsel then filed the motion to dismiss as soon as possible after diligently researching the issue. Accordingly, counsel could not have raised the defense of the statute of limitations within the deadline set by the Court, and he raised it at the earliest possible time. *See United States v. Cathey*, 591 F.2d 268 (5th Cir. 1979) (motion raised at earliest possible time is timely). Defendant did not have all the information necessary to file the motion until viewing the tape and researching the issue. Thus, it is clear

that Defendant did not delay filing the motion to seek a strategic advantage or for the purpose of delay. *See United States v. Ramirez*, 324 F.3d 1225, 1228 n.8 (11th Cir.), *reh'g denied*, 67 F. App'x 591 (11th Cir.), *cert. denied*, 540 U.S. 881 (2003).

Where the grounds for the motion are not discoverable by the defendant until after the deadline or after trial has begun, cause is established under Rule 12. *See United States v. Sanchez*, 813 F. Supp. 241 (S.D.N.Y. 1993), *aff'd*, 35 F.3d 673 (2d Cir. 1994), *cert. denied*, 514 U.S. 1038 (1995); *see also Cathey* (where defendant could not challenge indictment because he had not received a copy of grand jury testimony until the trial began, relief from the waiver was granted for cause); *United States v. Chavez*, 902 F.2d 259 (4th Cir. 1990) (trial court's denial of defendant's request to file for suppression hearing out of time was clear error where request was made almost two weeks prior to trial and day after defense counsel received grand jury transcript that provided grounds for the hearing).

Here, the motion to dismiss was made as soon as possible after counsel was permitted to view the tapes and thereby discovered the factual information necessary to file the motion to dismiss. The motion was not made to gain a tactical advantage. The motion was made more than three weeks prior to the scheduled start of trial, and the Government has not been unfairly prejudiced by the timing of the motion. Defendant, however, would be unfairly prejudiced if relief is denied. Therefore, Defendant has shown good cause for his failure to file the motion to dismiss sooner. Under such circumstances, the motion should not be dismissed as untimely.

It concerns me the previous attorney in this case did not look at the depictions, or that he, after telling Defendant that he hoped he got life out of this offense, did not file the motion to dismiss prior to the statute of limitations running.

Either way the previous attorney failed to pursue Defendant's guarantee by the Constitution, to have effective assistance of counsel.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss should not be dismissed as untimely.

Respectfully submitted,

_Alex R. Tandy_____
Alex B. Tandy, Esquire
State Bar No. 19635000
Law Office of Alex B. Tandy, P.C.
777 Lonesome Trail, Suite A
Hurst, TX  76054
Telephone:  (817) 281-1600
Facsimile:   (817) 485-7588

Attorney for Defendant

Dated this 29th day of August 2008.

## CERTIFICATE OF SERVICE

    I hereby certify that on August 29, 2008 the above was served on all parties, as reflected below:

Nathan D. Stump                                       *Via Facsimile No. 1-334-223-7280*
U. S. Attorney's Office
P. O. Box 197
Montgomery, AL 36101-0197

                                             _Alex R. Tandy_____
                                             Alex R. Tandy