IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07cr183-WKW |
| | ) | |
| RICKEY RANDELL WREX SMITH | ) | |

**GOVERNMENT'S BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this response to Defendant Rickey Randell Wrex Smith's Memorandum in Support of Motion to Dismiss (Doc. 56-2) (hereinafter "Motion"). Smith argues that the indictment against him should be dismissed because all three charges against him are barred by the applicable statute of limitations. *See* Mot. at 1 (citing 18 U.S.C. § 3282). For the reasons that follow, Smith's argument misconstrues the law. The charges are not time-barred, and the Motion is accordingly due to be denied in its entirety.

**1.    FACTUAL BACKGROUND**

Sometime in the early-to-mid-1980s, Smith was convicted in the State of Missouri for sodomizing his two nieces. He was released on parole sometime in 1987. In the summer of 1988, while still on parole, Smith absconded. On August 25, 1988, the State of Missouri took notice of Smith's parole violation and issued a warrant for his arrest.

It was not until June 27, 2006, that authorities finally caught up with Smith in Lonoke, Arkansas, and arrested him. During the roughly 18 years that he was on the run, Smith used a number of aliases and kept on the move to avoid detection. During that time, Smith also sexually abused several minor children, including at least two of his own

prepubescent grandchildren (aged 4 and 10), and filmed some of the abuse with a video camera. The videotape that Smith created of that abuse was found hidden in a compartment of a custom-built travel trailer that Smith had abandoned in Ozark, Alabama, on or about December 30, 2005. The earliest images on the videotape are imprinted with a date of May 12, 2000.

On August 16, 2007, Smith was indicted in the Middle District of Alabama for producing, transporting, and possessing child pornography. A short time later, FBI investigators were able to determine that the videotape was produced in the Texas cities of Longview and Ore City, and a parallel prosecution was then initiated in the Eastern District of Texas against Smith's ex-wife, Denise Ward, who can be seen assisting Smith at times in the videotape. Ward has since pled guilty and is awaiting sentencing.

One other important date to note is September 5, 2005. It was on or about that date that Ward was admitted to a hospital in Longview, Texas, for severe injuries she had sustained from a physical assault. According to Ward, Smith beat and tortured her for 10 days before leaving her lying on the sidewalk outside the hospital entrance in Longview with nothing but a driver's license in her hand (so she could be identified). Interviews with Ward and other relatives establish that, with the exception of a trip to Gulf Shores in 1993 and 1994, Smith did not travel to Alabama until sometime after this incident.

**2.    ARGUMENT**

The indictment charges Smith with producing child pornography, in violation of 18 U.S.C. § 2251(a), transporting child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). All three of those offenses relate solely to the videotape described

above, and all three are felonies codified in Chapter 110 of the criminal code. On July 27, 2006, as part of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 9-248, § 211, 120 Stat. 587, Congress expressly abolished the statute of limitations for "any felony under chapter... 110[.]" 18 U.S.C. § 3299. Smith acknowledges Section 3299 in his Motion but argues that it does not apply to him because the original statute of limitations had already expired before the new law took effect. *See* Mot. 3; *cf. Stogner v. California*, 539 U.S. 607, 618 (2003) (no ex post facto violation from subsequent enlargement of limitations period, but only if original limit had not already expired). For a multitude of reasons, Smith is wrong.

**A.    The original statute of limitations had not expired, because it did not even begin to run until Smith was apprehended by law enforcement on June 27, 2006.**

Under federal law, no statute of limitations shall extend to any person "fleeing from justice." 18 U.S.C. § 3290. The practical effect of this provision of law is that, in cases involving a fugitive defendant, the applicable period of limitations does not begin to run until the defendant has been apprehended. *See, e.g.*, *United States v Elliott*, 467 F3d 688, 690 (7th Cir. 2006). The same principle holds true even in situations where, as here, the crimes at issue occurred *after* the defendant became a fugitive from an unrelated state crime. *E.g.*, *United States v Morgan*, 922 F2d 1495 (10th Cir.), *cert. denied*, 501 US 1207, 111 S Ct 2803 (1991) (citing *Streep v. United States*, 160 U.S. 128, 16 S. Ct. 244 (1895)); *accord United States v. Hoffman*, No. 94-6289, 1997 U.S. App. LEXIS 22427 (6th Cir. Aug. 19, 1997).

In order to trigger the application of Section 3290, the Government need only show that the defendant at some point "absented himself from the jurisdiction with the intent to avoid prosecution." *United States v. Fonseca-Machado*, 53 F.3d 1242, 1244

3

(11th Cir. 1995). The Government bears the burden of proving flight from justice by a preponderance of the evidence. *See, e.g.*, *United States v. Florez*, 447 F.3d 145, 149-150 (2d Cir. 2006).

In this case, the facts show that at the time he committed the offenses alleged in the indictment, Smith was a fugitive. During an interview with law enforcement, Smith's ex-wife, Denise Ward, described the couple's life "on the run" after Smith "went into hiding" for being "a wanted man." By May of 2000, Smith had been in violation of his parole in Missouri for over a decade, he was still subject to an arrest warrant for violating his parole, he was moving around a lot, and he was using a number of aliases. Under these facts, it can reasonably be inferred that, prior to his capture in Arkansas on June 27, 2006, Smith was attempting to avoid prosecution in Missouri. In other words, Smith was "fleeing from justice," and by operation of Section 3290, any statute of limitations that could have applied to Smith did not begin to run until June 27, 2006 – the date he was finally caught.

Exactly one month after Smith's capture, Section 3299 went into effect and immediately did away with the statute of limitations for all three of the crimes with which Smith has since been charged. *See* 18 U.S.C. § 3299. Because the span of one month was too short for *any* statute of limitations to have expired, there is no ex post facto violation, Section 3299 applies, and the indictment cannot possibly be time-barred. *See Stogner*, 539 U.S. at 618. For this reason, more than any other, Smith's Motion should be denied.

### B. The original statute of limitations had not expired, because the offenses were not completed until sometime after September 5, 2005.

As a general rule, the limitations period does not begin to run until the date on which all elements necessary for the crime are complete. *See, e.g.*, *United States v. Torres*, 318 F.3d 1058, 1061 (11th Cir. 2003) (citing *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998)); *see also United States v. Crossley*, 224 F.3d 847, 859 (6th Cir. 2000). Some offenses, however, are deemed "continuing offenses," because they are committed over a period of time. *Torres*, 318 F.3d at 1061. For continuing offenses, the statute of limitations does not begin to run when all of the elements are first present, but rather commences on the date of the last overt act in furtherance of the crime. *Id.*; *see also United States v. Gonzalez*, 495 F.3d 577, 580 (8th Cir. 2007); *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999).

Title 18, United States Code, Section 3237(a) provides that any offense "involving the use of the mails, or transportation in interstate commerce" is a continuing offense. 18 U.S.C. § 3237(a); *United States v. Bagnell*, 679 F.2d 826, 831 (11th Cir. 1982). In line with this definition, both illegal possession of firearms and ongoing child pornography have been found to be continuing offenses. *See United States v. Cryar*, 232 F.3d 1318, 1322 (10th Cir. 2000); *United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996); *but see generally Toussie v. United States*, 397 U.S. 112, 115, 90 S. Ct. 858 (1970) (holding that an offense should be considered a continuing one for statute of limitations purposes only if (1) "the explicit language of the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one").

Here, all three crimes charged against Smith required as one of their elements transportation in interstate commerce. Section 2251, for instance, allows a defendant like Smith to be found guilty of producing child pornography if the "visual depiction has actually been transported in interstate or foreign commerce[.]" 18 U.S.C. § 2251(a). Likewise, Section 2252A provides criminal liability for the act of transporting child pornography in interstate commerce (*see* 18 U.S.C. § 2252A(a)(1)) and for possessing child pornography if "an image of child pornography... has been mailed, or shipped or transported in interstate or foreign commerce by any means." 18 U.S.C. § 2252A(a)(5)(B).

For that reason, all three offenses are properly considered continuing offenses that were not complete until Smith actually brought the child sex abuse videotape into the Middle District of Alabama. *See, e.g.*, *United States v. Paton*, 110 F.3d 562, 565 (8th Cir. 1997) ("In the case of continuing offenses... the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of [the statute]."); *United States v. Layne*, 43 F.3d 127, 132 (5th Cir. 1995) (same); *cf. United States v. Moncini*, 882 F.2d 401, 403 (9th Cir. 1989) (holding that mailing child pornography in foreign commerce was a continuing offense that was not completed until the letters arrived at their destination). The facts now available show that although Smith created the child sex abuse videotape in Texas in May 2000, he did not transport the videotape into Alabama until sometime after Ward's hospitalization in September 2005. Therefore, even if Smith had not been a fugitive from justice, no limitations period could possibly have expired during the 11 months that elapsed before Section 3299 took effect, and the indictment is valid on that basis as well.

### C.   The original statute of limitations had not expired, because it ran until the victim turned 25 years old.

Finally, even if he had not been a fugitive at the time of the offense, and even if all of the offenses had been completed in May 2000 (as Smith contends), the original statute of limitations *still* would not have expired before it was abolished by the July 27, 2006, enactment of Section 3299. That is because the original limitations period was not merely five years, as Smith contends; rather, it ran until his child victims turned 25. Smith has simply applied the wrong statute.

In 2000, as is still the case today, the default statute of limitations for all federal criminal prosecutions was five years. *See* 18 U.S.C. § 3282(a). But then, as now, Congress had also provided an extended limitations period for cases "involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years." *See* 18 U.S.C. § 3283. For that subset of cases, the limitations period extended until the victim reached the age of 25. *See* 18 U.S.C.S. § 3823 (2000) (originally enacted in 1990 as 18 U.S.C. § 3509(k)); *see generally United States v. Johns*, 15 F.3d 740, 743 (8th Cir. 1994).[1]

Here, all three of Smith's offenses – that is, filming himself sexually assaulting his minor grandchildren, transporting the videotape of those sexual assaults across state lines, and possessing the images of those sexual assaults in the Middle District of Alabama – clearly involved the sexual abuse of children. *Compare, e.g.*, 18 U.S.C. § 2251(a) ("Any person who employs, uses, persuades, induces, entices, or coerces any

---

[1] In 2003, Congress again enlarged the limitations period for child sexual abuse cases, amending Section 3283 to allow for prosecution not just until the child reaches the age of 25 years, but for the entire "life of the child." *See* 18 U.S.C.S. § 3283 (2003); *see also* Pub. L. No. 108-021, 117 Stat. 660, Title II, § 202 (2003). In 2006, Congress amended the statute to its current form, which allows that a prosecution is timely if it is brought "during the life of the child, or for ten years after the offense, whichever is longer." 18 U.S.C. § 3283 (2008).

minor to engage in... any sexually explicit conduct...."); *with* 18 U.S.C. § 3509(a)(8) ("[T]he term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct, or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."); *see also* 18 U.S.C. § 3509(a)(6) ("[T]he term 'exploitation' means child pornography....").[2]

Accordingly, it was not the five-year statute of limitations in Section 3282 but rather the extended limitations period set forth in Section 3283 that originally applied to the charges filed against Smith. Because the children depicted on the videotape in May 2000 were under the age of 18, none of them could have turned 25 before the enactment of Section 3299 in July 2006. For this reason, the statute of limitations had not expired before it was abolished, and all of Smith's arguments to the contrary, which fail to consider the application of Section 3283, necessarily fail.

---

[2] In 1994, the statute of limitations language of Section 3509(k) was moved, verbatim, into Chapter 213, entitled "Limitations Periods," as Section 3283. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub.L.No. 103-322, 108 Stat. 1796 (1994). Section 330018 of Public Law 103-322, the law to which the language was moved, was entitled "Repeal of superfluous statute of limitation and transfer of child abuse statute of limitation." In other words, in 1994, Congress simply moved the statute of limitations for sexual abuse cases from the child victims' rights section of the criminal code to the limitations chapter of the code, amending Section 3283 to contain the statute of limitations language and repealing the provision from § 3509(k) as a "conforming repeal." *See id.* By titling the section a "transfer," Congress expressed its intention to merely transfer the limitations language, rather than to change the definition of "sexual abuse" as used within that language. Congress did not change the relevant language referring to the sexual abuse of a child and did not create a new definition of sexual abuse. It follows that the term "sexual abuse" in 18 U.S.C. § 3283 can be understood only by reference to the definition of sexual abuse that is found in 18 U.S.C. § 3509. If the term "sexual abuse" as used in Section 3283 includes "sexual exploitation," and "exploitation" includes "child pornography," it follows that "sexual abuse" includes all "child pornography" offenses. *Cf. New York v. Ferber*, 458 U.S. 747, 759 (1982) ("[T]he distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children."); *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998) ("[T]he simple fact that the [pornographic] images have been disseminated perpetuates the abuse initiated by the producer of the materials.").

**3.    CONCLUSION**

For the foregoing reasons, Section 3299 applies to all three charges in the indictment. Because there is no statute of limitations, there can be no statute of limitations violation, and the Motion should accordingly be denied.

Respectfully submitted this the 5th day of September, 2008.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                */s/ Nathan D. Stump*
                NATHAN D. STUMP
                Assistant United States Attorney
                131 Clayton Street
                Montgomery, AL  36104-3429
                Tel: (334) 223-7280
                Fax: (334) 223-7560
                Email: nathan.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  1:07cr183-WKW |
| | ) | |
| RICKEY RANDELL WREX SMITH | ) | |

## **CERTIFICATE OF SERVICE**

      I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 5th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Alex Tandy, Esq., counsel for Defendant.

      Respectfully submitted,

*/s/Nathan D. Stump*
NATHAN D. STUMP
131 Clayton Street
Montgomery, AL  36104
Tel: (334) 223-7280
Fax: (334) 223-7135
E-mail: nathan.stump@usdoj.gov