IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CR-183-WKW [WO] |
| | ) | |
| RICKEY RANDELL WREX SMITH, | ) | |
| *also known as* Jay Smith, *also known as* | ) | |
| Jolly Smith, *also known as* Montana, *also* | ) | |
| *known as* Ray Ward James Tod, *also* | ) | |
| *known as* Bryan Edgar White | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 21, 2008, Defendant Rickey Randell Wrex Smith ("Smith") moved to

dismiss the Indictment on the basis that the applicable statute of limitations bars the charges.

(Doc. # 56.) The Magistrate Judge filed a recommendation that the motion be denied.

(Recommendation 7 (Doc. # 84).) Mr. Smith filed timely objections to the Recommendation.

(Objections (Doc. # 85).) The portions of a recommendation to which a defendant objects

are reviewed *de novo*. 28 U.S.C. § 636(b)(1).

On February 17, 2009, the Magistrate Judge held an evidentiary hearing on the Motion

to Dismiss (Doc. # 56). (Doc. # 81.) After the hearing, the Magistrate Judge recommended

denying the motion, finding that the charges, which were filed August 15, 2007, were

brought within the five-year statute of limitations that began to run June 27, 2006.[1]

(Recommendation 4-7.) The statute of limitations was tolled until June 27, 2006, because

---

[1] The Magistrate Judge assumed without deciding, to Mr. Smith's advantage, that the offenses
were not continuing offenses and that the twenty-five-year limitation in 18 U.S.C. § 3283 did not apply.
(Recommendation 4.)

Mr. Smith was fleeing from justice within the meaning of 18 U.S.C. § 3290. (Recommendation 5.)  Section 3290 states that "[n]o statute of limitations shall extend to any person fleeing from justice."  18 U.S.C. § 3290.  Based on a series of factual findings, the Magistrate Judge concluded that until June 27, 2006, Mr. Smith was fleeing from an August 1998 state warrant for his arrest with the requisite intent to avoid arrest and prosecution. (Recommendation ¶¶ 2, 5-6.)

Mr. Smith objects to the Recommendation on three grounds.[2]  First, he argues his confrontation and due process constitutional rights were violated when the Magistrate Judge "limited Defendant's cross-examination of [Defendant's estranged wife] at the evidentiary hearing, and prevented cross-examination designed to impeach [her] and show bias." (Objections 2.)  Second, he argues that "some of the alleged circumstances about which [his estranged wife] testified, such as Defendant's using false names, do not establish that he 'purposely' stayed outside the jurisdiction with the intent to avoid prosecution." (Objections 5.)  Third, he argues that even assuming he was fleeing from justice, § 3290 does not toll the statute of limitations for federal charges if the defendant was fleeing from unrelated state charges.  (Objections 7.)

The Recommendation addresses the second and third objections satisfactorily.  (*See* Recommendation 5-7 & 6 n.5.)  As for the first objection, Mr. Smith insists that the

---

[2] Mr. Smith's fourth objection – challenging the Recommendation's finding that the possession charge was clearly within the statute of limitations because there is evidence Mr. Smith possessed the tapes as late as December 31, 2005 (Recommendation 4 n.3) – addresses a finding that was not ultimately the basis for and does not change the Recommendation.

Magistrate Judge "improperly limited Defendant's attempt to impeach [his estranged wife] and establish her bias on cross-examination" (Objections 4), but explains neither when nor how the Magistrate Judge imposed those limitations.  There are absolutely no details on the evidentiary hearing and limitations imposed.  The argument is therefore undeveloped and will not be addressed.

Accordingly, it is ORDERED that:

(1)     Mr. Smith's objections (Doc. # 85) are OVERRULED;

(2)     The Recommendation of the Magistrate Judge (Doc. # 84) that Mr. Smith's Motion to Dismiss (Doc. # 56) be denied is ADOPTED; and

(3)     Mr. Smith's Motion to Dismiss (Doc. # 56) is DENIED.

DONE this 30th day of March, 2009.

/s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE