IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CR-183-WKW [WO] |
| | ) | |
| RICKY RANDALL REX SMITH | ) | |

## ORDER

On December 29, 2009, Attorney Alex R. Tandy filed a motion to withdraw as counsel for Defendant Ricky Randall Rex Smith. (Doc. # 123.) The Government opposes the motion to the extent granting it would result in a delay in Mr. Smith's trial, which is currently set to begin January 11, 2010. (Doc. # 125.) Mr. Smith has also filed a *pro se* motion to dismiss Mr. Tandy as his attorney (Doc. # 126), and Mr. Tandy has filed a motion to amend his motion to withdraw, which includes a letter from Mr. Smith to Mr. Tandy. (Doc. # 127.) The court will treat the motions to withdraw as implicitly containing motions to continue, since any new attorney appointed to represent Mr. Smith would require more time for preparation than the five days between today's date and the scheduled trial. Much of the analysis below is based on the premise that a continuance would be a practical necessity if the motions were to be granted.

The indictment in this case was returned on August 15, 2007 (Doc. # 1), and this case has been continued seven times. The occasion for the most recent continuance was that Mr. Smith, on July 27, 2009, the morning of jury selection, attempted suicide in his courthouse holding cell, necessitating the cancellation of the trial and the commitment of Mr. Smith for

mental evaluation. (*See* Doc. # 113.)   In the original motion to withdraw, Mr. Tandy cited nonpayment of fees and Mr. Smith's failure to cooperate with counsel as reasons for withdrawal (Doc. # 123), but in his amended motion to withdraw Mr. Tandy seeks to delete those paragraphs, and now relies solely on a phone call and letter, both from Mr. Smith to Mr. Tandy.  According to Mr. Tandy's motion (Doc. # 125), Mr. Smith "fired" Mr. Tandy in a December 28, 2009, phone call, while the letter states that "I no longer want you to repersent [sic] me on my criminal case with the Feds," and "I am not ready to go to court yet but you did not consult me on it." (Doc. # 127, Attach. 1.)  As noted, also before the court is Mr. Smith's *pro se* motion, which lists four reasons for Mr. Smith's dissatisfaction with Mr. Tandy: his "Refusal to work a plea deal for me"; that Mr. Tandy "let jail officials keep me from visiting him . . . on 12-18-09 in Elmore County Alabama"; that Mr. Tandy "has not presented a plea deal to the D.A. that I proposed on 3-15-09"; and that Mr. Tandy "has not inform [sic] me of other information about my case." (Doc. # 126.)

As noted in the Government's response, Mr. Tandy has represented Mr. Smith in this matter for nearly two years, including at the abortive attempt at a trial in July 2009.  Prior to last week, at no point during the course of that representation did either Mr. Tandy or Mr. Smith bring to the court's attention any difficulties in, or a desire to terminate, their relationship.  Mr. Tandy appeared for the July 2009 trial and was apparently prepared to proceed at that time, so the court finds it unlikely that he would not be prepared to proceed with Mr. Smith's trial, even if Mr. Smith has not been fully cooperative in recent months.

The court also notes that on November 17, 2009, Mr. Tandy filed a response (Doc. # 116) to Mr. Smith's psychiatric report, which likewise failed to indicate any problems in the attorney/client relationship.

Of Mr. Smith's two specific reasons for wanting to fire Mr. Tandy, one dates back to March 15, 2009, prior to the last attempt at trying Mr. Smith. Thus, there is no reason why Mr. Smith should not have brought any failure of his counsel to convey to the Government his wishes regarding a plea to the court's attention months ago. Finally, Mr. Smith's assertion that jail officials would not allow Mr. Tandy to visit him on December 18, 2009, merits little discussion; it is not Mr. Tandy's fault if he was barred by jail officials from completing a visit to Mr. Smith. Finally, the court notes that Mr. Smith has made no provision to retain any other attorney to represent him.

Undoubtedly a defendant is ordinarily entitled to retain counsel of his choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). But the right is to be balanced against the "needs of fairness" and "the demands of [the court's] calendar." *Id*. at 152. Moreover, should Mr. Tandy be dismissed, it appears likely that counsel would need to be appointed for Mr. Smith (he having indicated no intention to proceed *pro se*), and "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id*. Unlike *Gonzalez-Lopez*, this is not a case where a defendant wishes to retain a particular attorney and is denied the opportunity to do so by the court; rather, Mr. Smith wishes, in essence, to fire his retained counsel and have one appointed for him, putting him closer to

3

the position of the defendant described in *Gonzalez-Lopez* as lacking a right to counsel of choice.

The Eleventh Circuit has provided factors for courts to consider in determining whether the denial of a continuance to obtain new counsel violates a defendant's Sixth Amendment right to counsel. *See United States v. Baker*, 432 F.3d 1189, 1249 (11th Cir. 2005).[1] The factors are "(1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors." *Id*.

Here, the length of the delay would be at least three months, until this court's next criminal trial term in April 2010; moreover, considered cumulatively, the delay caused by another continuance would be yet one more addition to the 28-month history of this case. Thus, the first factor weighs in favor of denying the motion to withdraw. The second factor is not applicable here, since Mr. Tandy is not "unavailable" for trial, but is simply not the attorney Mr. Smith desires to represent him at the moment. This is not the case, envisioned by the *Baker* court, where a defendant would be forced to go forward with an unprepared

---

[1] The court notes that *Baker* was decided before *Gonzalez-Lopez*, and so conceivably could have been altered or overruled by the later Supreme Court opinion. But in *United States v. Walford*, 295 F. App'x 354, 356 (11th Cir. 2008), the *Baker* factors were cited with approval by the Eleventh Circuit, and a reading of *Gonzalez-Lopez* does not suggest that its logic would have made the *Baker* test inappropriate.

attorney. Third, as noted above, seven other continuances have been requested and granted; that factor weighs strongly against granting the motion to withdraw.

Fourth, the court finds that the level of inconvenience "to all involved" would be high. At the previous attempt at a trial, the court, the court's staff, witnesses from across the country, the attorneys, and Mr. Smith all had to make their way, or be transported, to Dothan, Alabama, at considerable expense to the judicial system and the Government, all for naught. As the trial is set for only five days from today, travel arrangements have undoubtedly once again been made, and another continuance would cause additional unnecessary expense to all involved. Moreover, the court has already altered its own schedule to meet the unique demands of this case, having arranged for the jury to be selected before another United States District Judge in Dothan, Alabama on January 11, 2010, followed by the commencement of trial before the undersigned in Montgomery, Alabama, on January 12, 2010.

Fifth, the court finds that Mr. Smith's weak explanation for his desire to fire Mr. Tandy indicates that there is little "legitimate reason" for the continuance; there is, in particular, no legitimate reason for the last-minute timing of this request. Finally, to the extent there are "unique circumstances" in this case, they weigh against the motion to withdraw: the court fears that Mr. Smith's attempt to fire his counsel at this late date is motivated at least in part by a simple desire to further delay his trial, as indicated by the statement in his own letter that "I am not ready to go to court yet." (Doc. # 127, Attach. 1.)

Therefore, at least five of the six *Baker* factors weigh against granting the motion to withdraw, while none weighs in its favor.  Mr. Smith is entitled to "a fair and reasonable opportunity to select the attorney of [his] choice," but not to "eleventh," or even "tenth," hour tactics that seem more calculated to delay than to seek new counsel of choice.  *See Baker*, 432 F.3d at 1248, 52.  This is not a case in which a court's ordinary discretion in controlling its own docket is overridden by a defendant's Sixth Amendment right to counsel of his choosing.

For the foregoing reasons, it is ORDERED that the Motion to Withdraw as Attorney (Doc. # 123) and the *pro se* Motion to Dismiss Attorney (Doc. # 126) are DENIED.  The motion for leave to amend the motion to withdraw (Doc. # 127) is GRANTED.

DONE this 5th day of January, 2010.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE