IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07-CR-183-WKW |
| | ) | |
| RICKEY RANDELL WREX SMITH | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MISCILLANEOUS RELIEF

Comes now the United States of America, by and through George L. Beck, Jr., the United States Attorney for the Middle District of Alabama, and files this response to the Defendant's Motion for Miscellaneous Relief (Doc. 147). For the reasons set forth below, the defendant's Motion is due to be denied.

### ISSUE PRESENTED

The defendant's current Motion revisits an issue that was previously litigated and resolved in this case—whether or not his prosecution was barred by the statute of limitations. In his current Motion, the defendant accepts the fact that the prosecution of his case was tolled by the application of 18 U.S.C. § 3290, which states simply: "No statute of limitations shall extend to any person fleeing from justice." Furthermore, the defendant does not seem to challenge the Court's previous findings that he was a fugitive from a state court matter. The defendant's current complaint appears to be that the state court matter from which he fled was not a criminal charge, but a mere "parole violation" that he classifies as a "breach of contract between the State of Missouri and himself." Thus, he contends, his status as a parole absconder at the time he was caught and prosecuted for this crime did not rise to the level of being a "fugitive from justice"

and could not toll his statute of limitations under § 3290, and if it did, the tolling statute was overbroad and unconstitutionally vague.

## RELEVANT AUTHORITY AND ANALYSIS

The defendant's argument here is a creative one, which he tethers to the 5th Amendment's Due Process protections against overly vague statutes—what Smith refers to as the "vagueness doctrine." (Doc. 147, pp. 6-7)  Smith's complaint is that § 3290 is overly vague, because it broadly applies to fugitives from any type of crime, to include "traffic violations, non-traffic misdemeanors, civil judgments, etc." *Id.*  Unfortunately for Mr. Smith, there is absolutely no legal authority that supports his position.  There is also Supreme Court precedent—though a century and score old, still good law—that reasons away his argument. *See Streep v. United States,* 160 U.S. 128, 133-35 (1895).  In *Streep*, the court considered a claim by the defendant that he was not a "fugitive from justice" as contemplated by the predecessor statute to § 3290. *Streep* 160 U.S. at 133-35.  The Court rejected that argument and articulated a broad range of flight and predicate proceedings contemplated by the statute as follows:

> Nor is it necessary, in order to satisfy the terms of the statute now before us, that the fugitive should have the intention of fleeing from justice as administered by any particular court, or system of courts, having criminal jurisdiction over the territory where the act supposed to have been criminal was committed.
>
> The statute speaks generally of 'fleeing from justice,' without restriction either to the justice of the state, or to the justice of the United States. A person fleeing from the justice of his country is not supposed to have in mind the object of avoiding the process of a particular court, or the question whether he is amenable to the justice of the nation or of the state, or of both. Proof of a specific intent to avoid either could seldom be had, and to make it an essential requisite would often defeat the whole object of the provision in question.

*Id.* at 134.  The *Streep* analysis simplifies this Court's considerations of Smith's current relief request.  It has been uncontroverted since the inception of the defendant's federal prosecution

that his parole in Missouri was for a felony criminal offense and that his violation of that same parole resulted in the issuance of a warrant for Smith's arrest.  Given these established facts, it is clear in this case that Smith's flight was from a "particular court…having criminal jurisdiction" over him and that the purpose of his flight was to "avoid the process of a particular court." *Streep* at 134.  Thus, his conduct was squarely within the statute.

It is true that *Streep* did not address the defendant's vagueness and due process claims, but it's clear that his overbreadth concerns are cabined by subsequent federal courts' interpretations of what the term "fugitive from justice" means.  Contrary to Smith's argument, the tolling provision of § 3290 would not be applicable to any and all imaginable court matters from which a defendant flees. That is because the case law of the Eleventh Circuit and multiple other Circuits establishes that in any case where the sovereign seeks the tolling provision, it must first prove that the accused's flight was done with the specific intent to "avoid arrest or prosecution."  *See, e.g., United States v. Fonseca–Machado,* 53 F.3d 1242, 1243 (11th Cir.1995); *United States v. Florez,* 447 F.3d 145, 149 (2d Cir.2006); *United States v. Greever,* 134 F.3d 777, 781 (6th Cir.1998); *United States v. Marshall*, 856 F.2d 896, 897-98 (7th Cir. 1988); *United States v. Gonsalves,* 675 F.2d 1050, 1052 (9th Cir. 1982); *Donnell v. United States,* 229 F.2d 560, 562–65 (5th Cir.1956).  Given these strict elements, and the government's burden of proof thereon, the tolling statute does not run afoul of the Due Process Clause of the Fifth Amendment.

## CONCLUSION

Based on the foregoing, the defendant's Motion for Miscellaneous Relief is due to be denied.

Respectfully submitted this the 12th day of April 2016.

                    GEORGE L. BECK, JR.
                    UNITED STATES ATTORNEY

                    */s/ Brandon K. Essig*
                    Brandon K. Essig
                    US Attorney's Office
                    131 Clayton Street
                    Montgomery, AL 36104
                    334-223-7280
                    Fax: 334-223-7135
                    Email: brandon.essig@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07-CR-183-WKW |
| | ) | |
| RICKEY RANDELL WREX SMITH | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy of this filing will be mailed to the defendant.

Respectfully submitted,

*/s/Brandon K. Essig*
BRANDON K. ESSIG
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280
(334) 223-7138 fax
Brandon.Essig@usdoj.gov