IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CR-183-WKW |
| | ) | [WO] |
| RICKY RANDALL REX SMITH | ) | |

## ORDER

Defendant Ricky Randall Rex Smith pleaded guilty to production of child pornography in violation of 18 U.S.C. § 2251(a).  He was sentenced to life imprisonment on March 2, 2010.  (Doc. # 144.)

Before the court is Defendant's *pro se* Petition under the All Writs Act.  (Doc. # 160.)  He requests the court "to simply change [his] stated Life Sentence to 360 months," which he says will allow him to enroll in certain programs within the Federal Bureau of Prisons.  (Doc. # 160 at 1; *see also* Doc. # 144 (criminal judgment).)  The Government filed a response in opposition.  (Doc. # 165.)

The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The United States Supreme Court has explained that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."  *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).  Thus, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  *Id.*; *see also United*

*States v. Guerra*, 426 F. App'x 694, 698 (11th Cir. 2011) (per curiam) ("[T]he All Writs Act does not apply if there is a more specific statutory provision on point."). Adequate statutory remedies exist for sentence modifications under 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255, leaving courts without authority to modify sentences under the All Writs Act. *See United States v. Williams*, 158 F. App'x 249, 251 (11th Cir. 2005) (per curiam) (holding that the All Writs Act did not provide relief where the defendant's requested sentencing relief was adequately addressed by § 3582(c) and § 2255 and that his claims lacked merit under both these statutes); *see also United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) ("[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." (citing § 3582(c)), *cert. denied*, 144 S. Ct. 1041 (2024).

Defendant cannot invoke the All Writs Act to circumvent the specific statutory framework Congress has established for modifying or challenging sentences. Defendant asks the court "to simply change [his] stated Life Sentence to 360 months" (Doc. # 160 at 1), but he identifies no statutory authority that would permit the court to grant that sentence modification in his case.

Accordingly, it is ORDERED that Defendant Ricky Randall Rex Smith's *pro se* Petition under the All Writs Act (Doc. # 160) is DENIED.

DONE this 10th day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

2